UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARLOS COLON,
    *Petitioner*,

v.                                                   No. 3:16-cv-01522 (JAM)

UNITED STATES OF AMERICA,
    *Respondent*.

**RULING DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

    Petitioner Carlos Colon, represented by counsel, has filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Mr. Colon argues that his conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a "crime of violence" is unconstitutional under the Due Process Clause, because the statute's definition of a "crime of violence" is unconstitutionally vague. For the reasons that follow, I will deny the motion for post-conviction relief.

**BACKGROUND**

    In March 2015, Mr. Colon pled guilty before me to one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a), and to one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and § 2. The robbery conspiracy conviction served as the predicate "crime of violence" for the firearm conviction. *See United States v. Colon*, Case No. 14-cr-0085-JAM-2 (Doc. #161).

    In August 2015, I sentenced Mr. Colon principally to a term of 90 months in prison, to be followed by five years of supervised release. The sentence of imprisonment included 30 months of imprisonment for his robbery conspiracy conviction and a consecutive term of 60 months of imprisonment for his possession of a firearm in furtherance of a crime of violence. *See id.* (Doc.

#284).

## DISCUSSION

A prisoner in federal custody may seek to have his sentence vacated, set aside, or corrected if his "sentence was imposed in violation of the Constitution or laws of the United States or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The prisoner bears the burden of proving, by a preponderance of the evidence, that he is entitled to relief. *See Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995).

Mr. Colon challenges his conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a crime of violence. He contends in principal part that the way that a "crime of violence" is defined under 18 U.S.C. § 924(c) is unconstitutionally vague in violation of the Constitution's Due Process Clause. The focus of his challenge is the so-called residual clause of 18 U.S.C. § 924(c)(3)(B), which defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The Second Circuit has held that "a Hobbs Act conspiracy to commit robbery is by definition a conspiracy that involves a substantial risk that physical force may be used against the person or property of another." *United States v. Elder*, 88 F.3d 127, 128–29 (2d Cir. 1996); *see also United States v. Desena*, 287 F.3d 170, 181 (2d Cir. 2002) (noting that "a conspiracy to commit a crime of violence is a sufficient predicate crime of violence for the purposes of 18 U.S.C. § 924(c)"). Mr. Colon's robbery conspiracy conviction therefore plainly qualifies as a crime of violence within the scope of the residual clause, 28 U.S.C. § 924(c)(3)(B), such that he was validly subject to conviction for the use of a firearm in furtherance of a crime of violence.

Mr. Colon argues that the residual clause of § 924(c)(3)(B) is unconstitutionally vague in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which concluded that a similar residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. The Second Circuit, however, has declined to conclude in light of *Johnson* that the residual clause of § 924(c)(3)(B) is unconstitutionally vague as applied in the context of a Hobbs Act robbery charge. *See Hill v. United States*, 832 F.3d 135, 145–50 (2d Cir. 2016). The Second Circuit's decision in *Hill* clearly controls this case and compels me to deny relief for Mr. Colon for his void-for-vagueness claim.

## CONCLUSION

The motion to vacate, set aside, or correct his sentence is DENIED. In the event that the Second Circuit reconsiders its decision in *Hill* or that the Supreme Court grants review of the same issue that was decided in *Hill*, Mr. Colon should promptly file a motion pursuant to Fed. R. Civ. P. 60 to reopen the proceedings in this case. Any motion to reopen, however, should address in the first instance why Mr. Colon's waiver in his plea agreement does not bar him from pursuing this petition. *See United States v. Colon*, Case No. 14-cr-0085-JAM-2 (Doc. #161 at 5).

The Clerk of Court shall close the case.

It is so ordered.

Dated at New Haven this 6th day of January, 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge